IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| PURDUE RESEARCH FOUNDATION, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> GOOGLE LLC, § <br> § <br> Defendant. § <br> § | Case No. 6:22-cv-119-ADA <br><br> JURY TRIAL DEMANDED |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
GOOGLE LLC TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Google LLC ("Google") hereby responds to the First Amended Complaint (Docket No. 16) of plaintiff Purdue Research Foundation ("plaintiff" or "PRF") with the following answer and affirmative defenses. Google denies the allegations and characterizations in PRF's complaint unless expressly admitted in the following numbered paragraphs, which correspond to the numbered paragraphs in the complaint.

**PARTIES**

1. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

2. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

3. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

4. Google admits that Google LLC is a Delaware limited liability company. Google admits that it has an office located at 500 West 2nd Street, Austin, Texas, 78701. Google's

– 1 –

headquarters at 1600 Amphitheatre Parkway, Mountain View, California, 94043, is the strategic center of Google's business.  Google admits that it is registered to do business in the State of Texas and has been since at least November 17, 2006.  Google admits that its registered agent in the State of Texas is the Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas, 78701.  Google denies any remaining allegations of this paragraph.

5. Google admits that it makes applications available for purchase or download through the Google Play Store.  Google admits that Android Studio is an integrated development environment ("IDE").  Google admits that developers can use Android Studio to develop applications.  Any remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any such allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this district or any other district.

## JURISDICTION AND VENUE

6. Google admits that plaintiff brought this action under the patent laws of the United States, 35 U.S.C. §§ 1 et seq., and that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  Google denies any remaining allegations of this paragraph.

7. Google does not contest personal jurisdiction in this district solely for the purpose of this action.  Google admits that it conducts business in the State of Texas.  Google denies any remaining allegations of this paragraph.

8. Google admits that it conducts business in the State of Texas.  Google denies that it has committed acts of infringement in this district, or any other district.  Any remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any such allegations to which a response is

required, Google denies them.

9. Google does not contest that venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b) solely for the purpose of this action, but denies that venue is convenient or in the interests of justice under 28 U.S.C. § 1404(a). Google denies that a substantial part of the events giving rise to any claim or defense in this action occurred within this district. Google admits that it has offices in this district. Google admits that it offers products and services in this district. Any remaining allegations in this paragraph set forth arguments and legal conclusions, to which no response is required. To the extent this paragraph includes any such allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this district or any other district.

10. Google admits that it is registered to do business in the State of Texas. Google denies any remaining allegations in this paragraph.

11. Google admits that it has an office located at 500 West 2nd Street, Austin, Texas, 78701. Google's headquarters at 1600 Amphitheatre Parkway, Mountain View, California, 94043, is the strategic center of Google's business. Google admits that it is registered to do business in the State of Texas. Google admits that it offers products and services in this district. Any remaining allegations in this paragraph set forth arguments and legal conclusions, to which no response is required. To the extent this paragraph includes any such allegations to which a response is required, Google denies them.

12. To the extent the allegations in this paragraph purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context. Google admits that as of 2019, it had offices and more than 1,100 employees in Austin, Texas. Google admits that it hires engineers and other staff in Austin.

Google denies that employees in Austin are likely to be material witnesses in this litigation. Google denies any remaining allegations in this paragraph.

13. Google denies the allegations of this paragraph.

## THE INVENTORS

14. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

15. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

16. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

17. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

## THE PATENTED TECHNOLOGY

18. Google admits that PRF alleges in its complaint that this suit involves U.S. Patent No. 10,379,925 ("the '925 patent").  To the extent the allegations in this paragraph purport to describe or quote information from the '925 patent, Google states that the '925 patent is the best source of its full content and context.  Google denies the allegations to the extent they do not accurately represent the '925 patent, and Google denies any remaining allegations in this paragraph.

19. This paragraph sets forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any such allegations to which a response is required, Google denies them.

20. This paragraph sets forth arguments and legal conclusions to which no response is

required. To the extent this paragraph includes any such allegations to which a response is required, Google denies them.

21. This paragraph sets forth arguments and legal conclusions to which no response is required. To the extent this paragraph includes any such allegations to which a response is required, Google denies them.

22. This paragraph sets forth arguments and legal conclusions to which no response is required. To the extent this paragraph includes any such allegations to which a response is required, Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

23. This paragraph sets forth arguments and legal conclusions to which no response is required. To the extent this paragraph includes any such allegations to which a response is required, Google denies them. To the extent the allegations in this paragraph purport to describe or quote information from the '925 patent, Google states that the '925 patent is the best source of its full content and context. Google denies the allegations to the extent they do not accurately represent the '925 patent, and Google denies any remaining allegations in this paragraph.

24. To the extent the allegations in this paragraph purport to describe or quote information from the '925 patent, Google states that the '925 patent is the best source of its full content and context. Google denies the allegations to the extent they do not accurately represent the '925 patent, and Google denies any remaining allegations in this paragraph.

25. This paragraph sets forth arguments and legal conclusions to which no response is required. To the extent this paragraph includes any such allegations to which a response is required, Google denies them. To the extent the allegations in this paragraph purport to describe or quote information from the '925 patent, Google states that the '925 patent is the best source of

its full content and context.  Google denies the allegations to the extent they do not accurately represent the '925 patent, and Google denies any remaining allegations in this paragraph.

26.     This paragraph sets forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any such allegations to which a response is required, Google denies them.  To the extent the allegations in this paragraph purport to describe or quote information from the '925 patent, Google states that the '925 patent is the best source of its full content and context.  Google denies the allegations to the extent they do not accurately represent the '925 patent, and Google denies any remaining allegations in this paragraph.

27.     To the extent the allegations in this paragraph purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context.  Google is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of this paragraph, and therefore denies them.

## THE '925 PATENT

28.     Google admits that, on its face, the '925 patent is entitled "Systems and Methods of Detecting Power Bugs," and lists an issue date of August 13, 2019, and that Exhibit A appears to be a copy of the '925 patent.  Google denies that the '925 patent was duly and legally issued.  Google denies any remaining allegations in this paragraph.

29.     Google admits that, on its face, the '925 patent purports to have issued from U.S. Patent Application No. 15/357,473, which was filed on November 21, 2016, and purports to claim priority to U.S. Provisional Application No. 61/839,334 filed on June 25, 2013.  Google denies any remaining allegations in this paragraph.

30.     To the extent the allegations in this paragraph purport to describe or quote information from the '925 patent, Google states that the '925 patent is the best source of its full

content and context.  Google denies the allegations to the extent they do not accurately represent the '925 patent, and Google denies any remaining allegations in this paragraph.

31. To the extent the allegations in this paragraph purport to describe or quote information in one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context.  Any remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any such allegations to which a response is required, Google lacks sufficient information to admit or deny the remaining allegations in this paragraph, and therefore denies them.

32. Google denies that every claim of the '925 patent is valid and enforceable.  Any remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any such allegations to which a response is required, Google denies them.

33. Google denies that all requirements under 35 U.S.C. § 287 have been satisfied with respect to the '925 patent.  Any remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any such allegations to which a response is required, Google denies them.

34. Google admits that it has never expressly licensed the '925 patent.  Google denies any remaining allegations in this paragraph.

**INFRINGEMENT OF THE '925 PATENT**

35. Google admits that Android Studio is the official integrated development environment for Android app development.  Google admits that Android Studio provides a code scanning tool called Android Lint.  Google admits that Android Lint can check Android project

source files for potential bugs and optimization improvements.  Google admits that Android Lint can run when developers build their apps.  Any remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any such allegations to which a response is required, Google denies them.

36. Google admits that Android Lint may run when developers build their apps and when developers manually run inspections.  Google admits that Android Lint is IDE independent and developers can integrate Android Lint with other IDEs.  Google admits that it provides information regarding Android Lint at https://developer.android.com/studio/write/lint.  To the extent the remaining allegations in this paragraph purport to describe or quote information in one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context.  Any remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any such allegations to which a response is required, Google denies them.

37. This paragraph sets forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any such allegations to which a response is required, Google denies them.

38. Google admits that Angana Ghosh is a Director of Product Management at Google.  To the extent the remaining allegations in this paragraph purport to describe or quote information in one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context.  Any remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required.  To the extent this paragraph includes any such allegations to which a response is required, Google denies them.

39. Google admits that Tor Norbye is an Engineering Director at Google.  To the extent

the remaining allegations in this paragraph purport to describe or quote information in one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context. Any remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required. To the extent this paragraph includes any such allegations to which a response is required, Google denies them.

40. Google admits that WakelockDetector.java is available in the Android Open Source Project. Google specifically denies that WakelockDetector.java contains an infringing implementation of the '925 patent. To the extent the remaining allegations in this paragraph purport to describe or quote information in one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context. Any remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required. To the extent this paragraph includes any such allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this district or any other district.

41. Google denies the allegations in this paragraph.

42. Google denies the allegations in this paragraph, and specifically denies that it has committed acts of infringement in this district or any other district.

43. Google denies the allegations in this paragraph, and specifically denies that it has committed acts of infringement in this district or any other district.

44. Google denies the allegations in this paragraph.

45. Google admits that it received a letter from PRF dated August 17, 2021. To the extent the allegations in this paragraph purport to describe or quote information in this document, Google states that the document is the best source of its full content and context. Any remaining

allegations in this paragraph set forth arguments and legal conclusions to which no response is required. To the extent this paragraph includes any such allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this district or any other district.

46. Google admits that it developed Android Studio. Google admits that Android Studio is currently available online at no charge. To the extent the allegations in this paragraph purport to describe or quote information in one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context. Any remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required. To the extent this paragraph includes any such allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this district or any other district.

47. To the extent the allegations in this paragraph purport to describe or quote information in one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context. Any remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required. To the extent this paragraph includes any such allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this district or any other district.

48. To the extent the allegations in this paragraph purport to describe or quote information in one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context. Any remaining allegations in this paragraph set forth arguments and legal conclusions to which no response is required. To the

extent this paragraph includes any such allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this district or any other district.

49. The paragraph sets forth arguments and legal conclusions to which no response is required. To the extent this paragraph includes any such allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this district or any other district.

50. The paragraph sets forth arguments and legal conclusions to which no response is required. To the extent this paragraph includes any such allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this district or any other district.

## DEMAND FOR JURY TRIAL

Google demands a trial by jury on all issues so triable.

## RESPONSE TO PLAINTIFF'S REQUESTS FOR RELIEF

Google denies the underlying allegations of plaintiff's requests for relief against Google, denies that plaintiff is entitled to any relief whatsoever, and requests that the Court deny all relief to plaintiff, enter judgment in favor of Google, and award Google its attorneys' fees as the prevailing party in the action.

## GOOGLE'S AFFIRMATIVE DEFENSES

Google's affirmative defenses are provided below. Google further reserves the right to amend this Answer to add affirmative defenses, including allegations of inequitable conduct or any other defenses currently unknown to Google, as they become known throughout the course of discovery in this action. Assertion of a defense is not a concession that Google has the burden of

proving the matter asserted.

**FIRST AFFIRMATIVE DEFENSE – NON-INFRINGEMENT**

1. Plaintiff is not entitled to any relief against Google because Google does not and has not directly or indirectly infringed, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '925 patent.

**SECOND AFFIRMATIVE DEFENSE – PROSECUTION HISTORY ESTOPPEL**

2. Plaintiff is estopped from construing or interpreting any claims of the '925 patent in such a way as may cover and/or include, either literally or under the doctrine of equivalents, Google's products, processes, services, and/or activities, and/or has waived any right to do so by reason of cancellation, limitation, or abandonment of claims, admissions, arguments, amendments, and/or representations made by or on behalf of the applicants in any proceedings before the United States Patent and Trademark Office.

**THIRD AFFIRMATIVE DEFENSE – INVALIDITY**

3. Each and every asserted claim of the '925 patent is invalid for failure to meet the requirements of Title 35, United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112 thereof, and the rules, regulations, and laws pertaining thereto, and/or obviousness type double patenting.

**FOURTH AFFIRMATIVE DEFENSE – EQUITABLE DOCTRINES**

4. Plaintiff's claims against Google regarding the '925 patent are barred by the equitable doctrines of waiver, estoppel, and/or acquiescence.

**FIFTH AFFIRMATIVE DEFENSE – LIMITATION OF DAMAGES**

5. The relief sought by plaintiff is barred or limited by 35 U.S.C. §§ 286, 287, or 288. Plaintiff is not entitled to any damages for activities before the filing of this action. Plaintiff did

not notify Google of its alleged infringement before the filing of this action.

### SIXTH AFFIRMATIVE DEFENSE – NO WILLFUL INFRINGEMENT

6.  Plaintiff is not entitled to a finding of willful infringement with a corresponding increase in damages under 35 U.S.C. § 284.

### SEVENTH AFFIRMATIVE DEFENSE – NOT EXCEPTIONAL CASE

7.  Plaintiff is not entitled to a finding that this case is exceptional warranting attorneys' fees under 35 U.S.C. § 285, or pursuant to the Court's inherent power.

### EIGHTH AFFIRMATIVE DEFENSE – ENSNAREMENT

8.  PRF's claims for infringement are barred by the doctrine of ensnarement.

### NINTH AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

9.  The complaint fails to state a claim upon which relief can be granted.

### TENTH AFFIRMATIVE DEFENSE – SUBSTANTIAL NON-INFRINGING USES

10. Any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the alleged infringement of the claims of the patent in suit.

### RESERVATION OF ADDITIONAL DEFENSES

11. Google reserves the right to assert any additional defenses or counterclaims which may now exist or in the future may be available based on discovery and further factual investigation in this case.

### REQUEST FOR RELIEF

WHEREFORE, Google respectfully requests that the Court:

(A)  Enter judgment that Google does not infringe any claims of the '925 patent literally or under the doctrine of equivalents;

(B) Enter judgment that the '925 patent is invalid;

(C) Declare that this case is exceptional under 35 U.S.C. § 285; and

(D) Award Google its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Date:   May 12, 2022

Respectfully submitted,

*/s/ Brian C. Banner*
Brian C. Banner (Texas Bar No. 24059416)
bbanner@sgbfirm.com
Darryl J. Adams (Texas Bar No. 00796101)
dadams@sgbfirm.com
SLAYDEN GRUBERT BEARD PLLC
401 Congress Avenue, Suite 1650
Austin, Texas, 78701
+1 (512) 402-3569
+1 (512) 402-6865 facsimile

Matthew S. Warren
Jennifer A. Kash
Erika Warren
Francesca M. S. Germinario
Sachli Balazadeh-Nayeri (*admission pending*)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
22-119@cases.warrenlex.com

*Attorneys for Defendant Google LLC*

**CERTIFICATE OF SERVICE**

I certify that on May 12, 2022, I served the foregoing Answer and Affirmative Defenses of Defendant Google LLC to First Amended Complaint for Patent Infringement by notice of electronic filing on counsel of record registered as CM/ECF users.

*/s/ Brian C. Banner*
Brian C. Banner